1ORTIZ & ORTIZ, LLP
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| MARIA TERESA NOBLE, | **AMENDED COMPLAINT** |
| Plaintiff, | Civil Case No. 18-07871 |
| – vs.– | <u>JURY TRIAL DEMANDED</u> |
| MOUNT OLIVET CHURCH, INC., aka MOUNT OLIVERT CHURCH, INC., aka MOUNT OLIVER CHURCH INC., aka MOUNT OLIVE CHURCH INC., and ARACELIS STAATZ, as Trustee of Mount Olivet Church, | |
| Defendants. | |

-------------------------------------------------------X

Maria Teresa Noble ("Plaintiff"), by and through her counsel Ortiz & Ortiz LLP, hereby complains of Mount Olivet Church and Aracelis Staatz as Trustee (collectively, the "Defendants") and states, upon information and belief, as follows:

### NATURE OF THE ACTION

1. Mount Olivet Church (the "Church") holds title to the real property known as 2176 Grand Concourse, Bronx County, New York 10457 (the "Property").

2. The Plaintiff entered into three contracts to purchase the Property from the Church over the course of the period from 2014 to 2017 (the "Contract" or "Contracts").

3. The Plaintiff tendered consideration and has at all times been ready, willing, and able to consummate the transaction.

4. The Defendant Church is a religious corporation and is required to obtain the approval of the N.Y.S. Attorney General (the "A.G.") and/or the New York State Supreme Court to sell the Property (see Religious Corporations Law § 12(1)(a) and N-PCL § 510(a)(3)).

5. The Defendants have not sought approval of the sale and ceased communications with the Plaintiff. The Plaintiff has been damaged by the Defendants' breach of the Contract and/or promise and seeks to compel specific performance by the Defendants.

## THE PARTIES

6. Maria Teresa Noble ("Noble") is a New Jersey resident.

7. Mount Olivet Church (the "Church") is a religious corporation organized under the Laws of the State of New York.

8. Aracelis Staatz ("Staatz") refers to herself as an officer and Trustee of the Church.

## JURISDICTION

9. This action is between citizens of different states. The amount in controversy, excluding interest and costs, exceeds the sum or value of $75,000. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

10. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1931. The events giving rise to this action took place within the jurisdiction of this court and the Property is located in this District.

## FACTS

**I. Staatz and Her Living Conditions in the Church**

11. Staatz was president of the Board of Directors of the Church from, on or about, January 2014 to, on or about, at least, December 2017 (the "Relevant Time Period").

12. Staatz presently represents the Church as President and is a member of the Church's Board of Directors.

13. Staatz has lived in the Property from approximately 1977 to the present.

14. The Property presently has no water and no heat because of unresolved plumbing issues.

15. Staatz is approximately 90 years old.

16. The Church has not had a congregation or a dedicated pastor since approximately 2014.

17. Under applicable state law, the proceeds of the sale of the Property must either be maintained by the Church or transferred to another religious corporation: Staatz and the Board members may not receive any of the proceeds personally.

**II. Transactions Regarding the Sale of the Property to the Plaintiff**

18. Staatz, on behalf of the Church, entered into the Contracts to sell the Property to the Plaintiff.

    **A. The First Contract**

19. Staatz signed the first contract of sale, on behalf of the Church, on or about July 9, 2014, for the purchase price of $600,000.00 ("First Contract"). A copy of the First Contract is annexed as Exhibit A.

20. The Church's Board of Directors executed a corporate resolution approving the sale pursuant to the First Contract.

21. Below the area for the Seller's and Purchaser's signatures on the last page of the First Contract, it stated that the Seller is "Mt. Olivet Church Inc." and that the "Attorney for Seller" is "Jaime Ramirez."

22. Paragraph 31 of the Rider to the First Contract provided that the sale is subject to court approval as required by the applicable religious corporation law.

23. The Plaintiff tendered a $15,000.00 check for the down payment, dated July 8, 2014, to Mr. Ramirez.

24. Mr. Ramirez informed the Plaintiff that he would hold the $15,000 down payment check for safekeeping, but not negotiate it, until Staatz provided him with the documents he needed to file with the A.G. to obtain the A.G.'s approval of the sale.

**B.     The Second Contract**

25. The Church, by Staatz, executed a second contract of sale dated July 9, 2015 ("Second Contract"), which specified a purchase price of $500,000 and a down payment of $15,000. A copy of the Second Contract is annexed as Exhibit B.

26. Staatz had proper authority from the Church to bind it to the Second Contract.

27. The Plaintiff executed the Second Contract.

28. The Church was again represented by Jaime Ramirez P.C. in connection with the sale and the Second Contract.

29. Paragraph 31 of the Rider to the Second Contract provided that the sale is subject to court approval as required by the applicable religious corporation law.

**C.     The Third Contract**

30. In or around March 6, 2017, the Board of Directors of the Church resolved to sell the Property to the Plaintiff for $500,000.

31. As set forth in the Third Contract, Ledwin Oviedo is the real estate broker (the "Broker") for the sale.

32. The March 6, 2017 Church Board's meeting minutes contained the following provisions, in pertinent part:

> A. "[T]hat Aracelis Staatz [i.e., Staatz], the Chair of the Board of Directors needs a place to live after the selling of the corporate building located at 2176 Grand Concourse, Bronx, NY 10457."
>
> B. "That the corporation shall sell all its assets located at 2176 Grand Concourse, Bronx, New York 10457 to Maria Noble and/or her assignee for the sum of $500,000.00 and it further noted **that the premises are in a state of disrepair and the congregation is no longer able to maintain, pay expenses including but not limited to insurance, liens, loans and as such this sale is warranted** . . .." (emphasis supplied)
>
> C. "[T]hat the president or vice president or any other officer of the corporation be and each of them hereby is authorized to execute and deliver such contract, bill of sale and such other instruments as such officer may deem proper . . .."

33. The Church, by Staatz, signed a third contract of sale, dated May 16, 2017 ("Third Contract"), with a purchase price of $500,000 and a down payment of $1,000. A copy of the Third Contract is annexed as Exhibit C.

34. Staatz, holding the office of president of the Church, had proper authority from the Church to bind it to the Third Contract.

35. Plaintiff tendered the down payment to the Church, by check, dated May 16,

2017, in the amount of $1,000, made payable to "Laura C. Browne, esq. [sic]."

36. The May 16, 2017 check for the down payment was negotiated on or around June 1, 2017.

37. "Schedule D" of the Third Contract, ¶ 8, states that the closing is to take place "within 30 days of court approval and order. This transaction is subject to attorney general and court approval."

38. The Church retained attorney Laura C. Browne of Bronx County to assist it in obtaining the requisite approval to sell the Property to the Plaintiff and comply with the terms of the Third Contract.

39. In or around the summer of 2017, the Church's lawyer, Ms. Browne, was in communication with the A.G. to obtain its approval for the sale of the Property to the Plaintiff.

40. When Ms. Browne was close to completing the process of obtaining the A.G.'s approval, Ms. Browne was discharged by Staatz.

**III.     The Church Ceased Taking Any Steps to Consummate the Sale of the Property**

41. The Board of Directors of the Church has not held any meetings since the September 2017.

42. The Board of Directors of the Church has not resolved to refuse to comply with the Third Contract.

43. The Board of Directors of the Church has not resolved to sell the Property to someone other than the Plaintiff.

44. Staatz and the Board have not completed the process of obtaining the A.G.'s or the Supreme Court's approval of the sale of the Property to the Plaintiff.

45. In or around October 2017, Staatz retained the legal services of Serge Joseph,

Esq., who was a member of the law firm of Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, with offices located in New York County.

46. In or around May 2018, the Plaintiff contacted Mr. Joseph, telephonically and in writing, to inquire as to the status of the sale and to state that the Plaintiff was ready, willing, and able to close and consummate the purchase of the Property.

47. The Plaintiff received no response from Mr. Joseph.

48. In or around June 2018, the Plaintiff wrote to the Church, Staatz, and the other members of the Church's Board of Directors to attempt to prosecute the Contract and sale.

49. The Plaintiff received no response from the Church, Staatz, and the other members of the Church's Board of Directors to her correspondence.

## VI. Staatz Caused the Church to Breach Its Agreement to Sell the Property to the Plaintiff

50. Staatz caused the Church to breach the Third Contract because Staatz seeks to benefit personally from the sale of the Property.

51. Staatz caused the Church to breach its promise to sell the Property to the Plaintiff because Staatz seeks to benefit personally from the sale of the Property.

52. Staatz informed the Broker that she wants to recover for herself some of or all the proceeds of the sale.

53. Staatz also informed the Broker that she would not complete the sale because she believes that another buyer would pay more for the property.

## VII. Injury to the Plaintiff

54. The Plaintiff is a real estate salesperson and investor and has long standing ties to the community in which the Property is located.

55. The Plaintiff sought to purchase the Property because its location is advantageous to the Plaintiff's business.

56. The Plaintiff presently operates her business from an office across the street from the Property, which office is located at 2153 Grand Concourse, Bronx, New York.

57. The Plaintiff has refrained from entering into other real estate transactions so as to be assured of having the requisite funds to close on the sale of the Property.

58. The Plaintiff lost the opportunity to pursue other real estate transactions as a result of having her attention and resources committed to acquiring the Property.

**VIII.  The Plaintiff Continues to Be Ready, Willing, and Able to Close on the Sale of the Property**

59. The Plaintiff is ready, willing, and able to comply with the terms of the Contract and can close upon the sale as soon as the Church obtains the requisite A.G. and court approval.

60. The Plaintiff seeks specific performance of the Contract.

61. The Plaintiff seeks specific performance of the Church's promise to sell the Property to the Plaintiff.

62. The Plaintiff cannot in good faith, however, schedule a closing and set a deadline for the Church to convey its deed with the knowledge that the Church has not sought A.G. and/or court approval.

**FIRST CAUSE OF ACTION
(Breach of Contract/Specific Performance)**

63. The Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 62.

64. The Third Contract is a valid and binding contract between the Plaintiff and Defendants.

65. Staatz has caused the Church to breach the contract of sale by failing to bring a petition before the court to approve the sale and to seek the A.G.'s approval of the sale. The Defendants' conduct constitutes a material breach of the Contract.

66. The Plaintiff is entitled to judgment declaring that the Contract remains in full force and effect and directing the Defendants to specifically perform their obligations under the Contract, including completing the process of obtaining court and A.G. approval of the sale.

67. The Contract relates to an interest in real property that is unique, special, and irreplaceable. The specific performance sought by the Plaintiff relates to and affects the title to, or possession, use or enjoyment of real property.

68. The Plaintiff has no adequate remedy at law and is entitled to specific performance, as monetary damages are inadequate.  Barring specific performance, the Plaintiff cannot be made whole by an award of monetary damages.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

69. The Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 68.

67. Implied in all contracts, including the Contract, is a covenant of good faith and fair dealing which obligates the parties to act in good faith and to use their best efforts to deal fairly with one another.

68. The Defendants have breached the covenant of good faith and fair dealing and have wrongfully deprived, destroyed, and injured the rights of the Plaintiff to receive the value, benefit, and fruits of the Contract by failing to prosecute and complete the process of obtaining court and A.G. approval of the sale of the Property.

69.     The Plaintiff is entitled to judgment declaring that the Contract remains in full force and effect and directing the Defendants to specifically perform their obligations under the Contract, including completing the process of obtaining court and AG approval of the sale.

70.     The Contract relates to an interest in real property that is unique, special, and irreplaceable.  The specific performance sought by the Plaintiff relates to and affects the title to, or possession, use or enjoyment of real property.

71.     The Plaintiff has no adequate remedy at law and is entitled to specific performance, as monetary damages are inadequate.  Barring specific performance, the Plaintiff cannot be made whole by an award of monetary damages.

### THIRD CAUSE OF ACTION
### (Promissory Estoppel/Specific Performance)

72.     The Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 102.

73.     The Church, through Staatz, made a clear and unambiguous promise to Plaintiff that it would sell the Property to her, in exchange for the purchase price recited.

74.     Plaintiff reasonably and foreseeably relied on the Church's promise to sell her the Property.

75.     Plaintiff was injured as a result of her reliance on the Church's promise to sell her the Property, in that she forewent making an offer on a different property due to her belief that, upon the A.G.'s approval of the sale, Plaintiff would be required to remit the remainder of the purchase price for the Property in an amount no less than $499,000.

76.     Based upon Plaintiff's reasonable reliance on the foregoing representations, the Defendants are estopped from repudiating or denying the terms of the agreement(s) described

above.

77. The Contracts relate to an interest in real property that is unique, special, and irreplaceable. The specific performance sought by the Plaintiff relates to and affects the title to, or possession, use or enjoyment of real property.

78. The Plaintiff has no adequate remedy at law and is entitled to specific performance, as monetary damages are inadequate. Barring specific performance, the Plaintiff cannot be made whole by an award of monetary damages.

WHEREFORE, the Plaintiff demands judgment against Defendants as follows:

a. On the First Cause of Action, for a judgment declaring and adjudging that the Contract remains in full force and effect and directing that the Plaintiff comply with the terms of the Contract, including seeking court and A.G. approval of the sale of the Property;

b. On the Second Cause of Action, for a judgment declaring and adjudging that the Contract remains in full force and effect and directing that the Plaintiff comply with the terms of the Contract, including seeking court and A.G. approval of the sale of the Property;

c. On the Third Cause of Action, for a judgment declaring and adjudging that the agreement by Defendants to sell the Property to Plaintiff remains in full force and effect and directing that the Plaintiff comply with the terms of the agreement, including seeking court and A.G. approval of the sale of the Property;

d. And granting such other and further relief in favor of Plaintiff as is deemed just and proper.

Dated: March 13, 2020
      Astoria, New York

                                                      /s/*Norma E. Ortiz*
                                                      Norma E. Ortiz

11

12 Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
Fax (718) 596-1302
*Counsel to the Plaintiff*