UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
MARIA THERESA NOBLE,

                Plaintiff,

       -against-

MOUNT OLIVET CHURCH, INC., aka MOUNT
OLIVERT CHURCH, INC., aka MOUNT OLIVER
CHURCH INC., aka MOUNT OLIVE CHURCH INC.,
and ARACELIS STAATZ, as Trustee of Mount Olivet
Church,

                Defendants.
-------------------------------------------------------------------
MOUNT OLIVET CHURCH, INC. and ARACELIS
STAATZ, as Trustee of Mount Olivet Church,

                Third-Party Plaintiffs,

       -against-

LEDWIN OVIEDO, LEDWIN ENTERPRISES, INC.,
JAMIE RAMIREZ, ESQ. and LAURA C. BROWNE,
ESQ.,

                Third-Party Defendants.


------------------------------------------------------------------- X

**AFFIRMATION IN SUPPORT OF THIRD-PARTY DEFENDANT BROWNE'S MOTION TO DISMISS**

      **JOSEPH L. FRANCOEUR**, an attorney duly licensed to practice law in the State of New York, affirms the truth of the following statements under penalty of perjury:

      1.    I am a partner of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant LAURA C. BROWNE, ESQ. ("Browne") in the above-captioned action.

      2.    I submit this affirmation in support of Browne's Motion to Dismiss the Amended Third Party Complaint pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil

Procedure. The 106 page, 1,071 paragraph Amended Third-Party Complaint and its 18 Exhibits consisting of another 228 pages are annexed as Exhibit A.

3. Annexed as Exhibit B is an October 2, 2017 letter from defendants/third-party plaintiffs Mount Olivet Church, Inc. (the "Church") and Arecelis Staatz ("Staatz") to Browne terminating Browne's services as the attorney for the Church in the connection with the sale of the property (the "Property") owned by Church to plaintiff Maria Theresa Noble ("Noble"). The sale is the subject of the main action herein in which Noble seeks specific performance of the contract under which the Church agreed to sell the Property.

4. As set forth in the accompanying memorandum of law, notwithstanding the length and breadth of the Amended Third-Party Complaint, its allegations are factually bare, conclusory, repetitive, formulaic, disjointed and/or inconsistent, and many are refuted by the Exhibits and by the letter annexed as Exhibit B, and otherwise fails to state claims for relief that are plausible on their face. Although the Amended Third-Party Complaint in essence blames Browne for not closing on the sale of the Property, the Church and Staatz terminated Browne's services and retained new counsel who could have completed – and can still complete - the sale. Thus, no claims arising out of the efforts to sell the Property can exist against Browne.

5. In addition to the foregoing and as also set forth in the accompanying memorandum of law, the Amended Third-Party Complaint's conclusory allegations fail to state claims for deceit and conspiracy to defraud against Browne because (among other things) they lack particularity, fail to state a claim for the violation of the Rules of Professional Conduct as New York law holds that such violations do not give rise to a private right of action, and fail to state a claim for breach of an implied covenant of good faith and faith dealing because (among other things) the Church

can still complete the sale of the Property but have compelled Noble to commence the main action for specific performance.

      **WHEREFORE,** Browne respectfully requests that the Court grant her motion, dismiss the Amended Third-Party Complaint against her, and award her any and all other relief as the Court may deem just and equitable.

Dated:  August 21, 2020

                              *Joseph L. Francoeur*
                              Joseph L. Francoeur