UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
MARIA THERESA NOBLE,

                 Plaintiff,
         -against-

MOUNT OLIVET CHURCH, INC., aka MOUNT
OLIVERT CHURCH, INC., aka MOUNT OLIVER
CHURCH INC., aka MOUNT OLIVE CHURCH INC.,
and ARACELIS STAATZ, as Trustee of Mount Olivet
Church,

               Defendants.
-------------------------------------------------------------------
MOUNT OLIVET CHURCH, INC. and ARACELIS        **18-CV-07871-NRB**
STAATZ, as Trustee of Mount Olivet Church,

           Third-Party Plaintiffs,

         -against-

LEDWIN OVIEDO, LEDWIN ENTERPRISES, INC.,
JAMIE RAMIREZ, ESQ. and LAURA C. BROWNE,
ESQ.,

           Third-Party Defendants.

-------------------------------------------------------------------- X


# Memorandum of Law in Support of the Motion to Dismiss by Third-Party Defendant Laura C. Browne

Wilson Elser Moskowitz Edelman & Dicker LLP
Joseph L. Francoeur
Maxx M. Johnson
150 East 42nd Street
New York, NY 10021
Our File No.: 19715.00005
*Attorneys for Third Party Defendant,*
*Laura C. Browne, Esq.*

1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ...................................... 1

THE PLEADINGS.................................................................................................................. 3

    A.    The Nature of this Action ...................................................................... 3

    B.    The Amended Third-Party Complaint .................................................. 3

    C.    The Factual Allegations of the Amended Third-Party Complaint......................... 3

    D.    The Two Claims for Relief in the Amended Third-Party Complaint against Browne.................................................................................................... 4

    E.    The Documents Annexed to the Amended Third-Party Complaint....................... 6

    F.    The October 2, 2017 Termination Letter from the Church/Staatz to Browne .................................................................................................... 6

ARGUMENT ....................................................................................................................... 7

    I.    THE AMENDED THIRD-PARTY COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST BROWNE .................................................................................................... 7

        A.    The Standard of Review........................................................................ 7

        B.    The Amended Third-Party Complaint Fails to State Claims for Relief Because the Church Replaced Browne with New Counsel who Could Have Completed the Sale ....................................... 8

        C.    The Amended Third-Party Complaint Otherwise Fails To State Claims for Relief that are Plausible on Their Face ................................. 10

        D.    The Eighth Cause of Action Fails to State a Claim for Deceit or Deception ..................................................................................... 11

        E.    The Eighth Cause of Action Fails to State a Claim "Per the Disciplinary Code"................................................................................. 13

        F.    The Eighth Cause of Action Fails to State a Claim for "Breach of Implied Contract of Good Faith" .............................................. 14

        G.    The Ninth Cause of Action Fails to State a Claim for Conspiracy to Defraud ..................................................................................... 15

i

CONCLUSION..........................................................................................................................17

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Greene*,
  2016 U.S. Dist. LEXIS 105671 (S.D.N.Y. 2016)................................................................ 8, 14

*Arkin Kaplan LLP v. Jones*,
  42 A.D.3d 362, 840 N.Y.S.2d 48, 51 (1st Dep't 2007)........................................................... 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................. 7, 8

*Barkley v. United Homes, LLC*,
  2012 U.S. Dist. LEXIS 85793 (E.D.N.Y. 2012)......................................................................... 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................. 7, 8, 12

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ........................................................................................................... 8

*Dexia SA/NV v. Bear, Stearns & Co., Inc.*,
  929 F. Supp. 2d 231 (S.D.N.Y. 2013) ......................................................................................... 12

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ........................................................................................................... 8

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*,
  343 F.3d 189 (2d Cir. 2003) ......................................................................................................... 12

*Faber v. Metro. Life Ins. Co.*,
  648 F.3d 98 (2d Cir. 2011) ............................................................................................................. 7

*Hanspal v. Epstein*,
  2019 U.S. Dist. LEXIS 161123 (E.D.N.Y. 2019)....................................................................... 16

*Highland Capital Mgmt., L.P. v. Schneider*,
  533 F. Supp. 2d 345 (S.D.N.Y. 2008) .................................................................................. 12, 13

*In re Elevator Antitrust Litig.*,
  502 F.3d 47 (2d Cir. 2007) ............................................................................................................. 8

*Jackson v. Reed Smith LLP*,
  2019 Bankr. LEXIS 659 (2019 D. Ct.)(applying New York law).............................................. 9

iii

*JPMorgan Chase Bank, N.A. v. IDW Group, LLC,*
    2009 U.S. Dist. LEXIS 9207 (S.D.N.Y. 2009) .................................................................. 14, 15

*Kessenich v. Raynor,*
    120 F. Supp. 2d 242 (E.D.N.Y. 2000) ...................................................................................... 7

*Lama Holding Co. v. Smith Barney Inc.,*
    88 N.Y.2d 413, 421 N.E.2d 1370 N.Y.S.2d 76 (1996) ........................................................... 12

*M/A-Com Security Corp. v. Galesi,*
    904 F.2d 134 (2d Cir. 1990 ................................................................................................. 14

*Matsumura v. Benihana Nat'l Corp.,*
    542 F. Supp. 2d 245, 255 (S.D.N.Y. 2008) ........................................................................... 12

*Meisel v. Grunberg,*
    651 F. Supp. 2d 98 (S.D.N.Y. 2009) ..................................................................................... 16

*Negrete v. Citibank, N.A.,*
    187 F. Supp. 3d 454 (S.D.N.Y. 2016) ................................................................................... 11

*Pearce v. Manhattan Ensemble Theater, Inc.,*
    528 F. Supp. 2d 175 (S.D.N.Y. 2007) ................................................................................... 15

*Reich v. Lopez,*
    38 F. Supp. 3d 436 (S.D.N.Y 2014) ...................................................................................... 16

*Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP,*
    2013 U.S. Dist. LEXIS 93762 (S.D.N.Y. 2013) ........................................................................ 9

*Sedona Corp. v. Ladenburg Thalmann & Co.,*
    2005 U.S. Dist. LEXIS 16382 (S.D.N.Y. 2005) ...................................................................... 16

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 7, 8

Fed. R. Civ. P. 9(b) ................................................................................................................... 1, 11

## PRELIMINARY STATEMENT
## AND SUMMARY OF ARGUMENT

This Memorandum of Law, together with the accompanying affirmation of Joseph L. Francoeur (the "Francoeur Aff."), are respectfully submitted in support of the motion by third-party defendant Laura C. Browne ("Browne") to dismiss the claims for relief against her in the Amended Third-Party Complaint by defendants/third-party plaintiffs Mount Olivet Church, Inc. (the "Church") and Arecelis Staatz ("Staatz") pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure.

The Amended Third-Party Complaint comprises 106 pages and 1,071 paragraphs, has annexed thereto 18 Exhibits consisting of 228 additional pages, and contains two causes of action against Browne action entitled "Deceit and Deception Per the Disciplinary Code & Breach of Implied Contract of Good Faith" and "Conspiracy to Commit Fraud." Notwithstanding the length and breadth of the Amended Third-Party Complaint, its allegations are factually bare, conclusory, repetitive, formulaic, disjointed and/or inconsistent, and many are refuted by the Exhibits.

The material allegations of the Amended Third-Party Complaint are also refuted by a letter from defendants/third-party plaintiffs Mount Olivet Church, Inc. (the "Church") and Arecelis Staatz ("Staatz") to Browne terminating Browne's services as the attorney for the Church in the connection with the sale of the property (the "Property") owned by Church to plaintiff Maria Theresa Noble ("Noble"). The sale is the subject of the main action herein in which Noble seeks specific performance of the contract under which the Church agreed to sell the Property to her, and the letter is thereby integral to the allegations of the Amended Third-Party Complaint.

As a result of the foregoing and as set forth in detail below, the allegations in the Amended Third-Party Complaint are insufficient to state claims for relief that are plausible on their face and Browne's motion should be granted in its entirety. Although the Amended Third-Party Complaint

1

in essence blames Browne for not closing on the sale of the Property, the Church and Staatz terminated Browne's services and retained new counsel who could have completed – and can still complete - the sale.  Thus, no claims arising out of the efforts to sell the Property can exist against Browne.

Separate and apart from the foregoing, the Amended Third-Party Complaint's conclusory allegations of deceit and conspiracy to defraud also fail to state claims upon which relief can be granted against Browne because they lack particularity.  Among other things, the Amended Third-Party Complaint is devoid of the requisite factual allegations as to Browne's fraudulent intent and wrongful motive, and do not allege at all any reliance by the Church or Staatz on Browne's purported omissions. Most significantly, the Amended Third-Party Complaint does not allege any facts showing that the Church and/or Staatz suffered pecuniary or out-of-pocket losses which are the only damages recoverable on a claim of fraud.

Also separate and apart from the foregoing, the Amended Third-Party Complaint fails to state a claim for the alleged violation of the Rules of Professional Conduct as New York law holds that such violations do not give rise to a private right of action. And finally, the Amended Third-Party Complaint fails to state a claim for relief for the breach of an implied covenant of good faith and faith dealing because it confusingly - but expressly - alleges there was no retainer or other agreement between Browne and the Church, and because there are no – and can be no - allegations that Browne somehow deprived the Church of the benefit of that bargain.  Noble is ready to complete the sale of the Property but has been compelled to commence the main action for specific performance because the Church refuses to do so.

For these reasons, Browne's motion to dismiss the Amended Third-Party Complaint should be granted in its entirety.

2

## THE PLEADINGS

### A.      The Nature of this Action

This is an action by Noble seeking specific performance of a contract for the sale of the Property owned by the Church and operated and/or occupied by Staatz.  See Amended Complaint at ECF Docket No. 47.

### B.      The Amended Third-Party Complaint

On July 22, 2020, the Church and Staatz filed the Amended Third-Party Complaint against Oviedo Ledwin ("Oviedo"), Ledwin Enterprises, Inc. ("Ledwin"), Jamie Ramirez ("Ramirez") and Browne.  A copy of the Amended Third-Party Complaint is annexed to the Francoeur Aff. as Exhibit A.  The self-described "nature" of the Third-Party Action is for breach of contract, breach of fiduciary duty, violation of RPAPL 443, fraud and conspiracy to commit fraud seeking damages for the delay in the sale of the Property and the loss of the Property's value.  Exhibit A at ¶1.

### C.      The Factual Allegations of the Amended Third-Party Complaint

The Amended Third-Party Complaint, whose factual allegations are accepted to be true for the purposes of this motion only, alleges that: Staatz is the Trustee of the Church (at ¶2); Ledwin is a real estate brokerage owned by Oviedo (at ¶¶5 and 6); Noble is a real estate agent who works for Ledwin (at ¶3);  Ramirez is an attorney (at ¶7); in May 2014, the Church and Staatz agreed that Oviedo would act as the broker for the sale of the Property (at ¶11); in June 2014, Oviedo and Noble "convinced" the Church and Staatz to sell the Property to Noble for $600,000 (at ¶13); Noble and Oviedo "induced" the Church and Staatz to sign the contract of sale by asserting that Ramirez would "get all the legal work done" (at ¶14) ; and in July 2014, Noble issued a  $15,000 check to Ramirez as a contract deposit which was never deposited or negotiated by Ramirez  (at ¶¶15, 17 and 19).

The Amended Third-Party Complaint further alleges that: in April 2015, Oviedo ordered an appraisal of the Property to "drive the price down" for the benefit of Noble (at ¶21); in July 2015, Noble "forced" the Church and Staatz to accept a new contract for $500,000 (at ¶23); the Church and Staatz were "defrauded … into believing" that a contract had been formed in 2014 and 2015 when "none was formed" because Ramirez never deposited the $15,000 check and it was stale (at ¶23); and Ramirez did nothing to move the sale forward (at ¶24).

The Amended Third-Party Complaint further alleges that: in May 2017, Noble and the Church entered into a third contract for the sale of the Property (at ¶25); Noble retained Browne to render legal services in connection with the May 2017 contract (at ¶25); the May 2017 contract provided for "the same exact price" for the Property as contained in the prior July 2015 contract (at ¶28); and the May 2017 contract identified Browne as the attorney for the Church (at ¶29).[1]

The Amended Third-Party Complaint further alleges that: Browne was not retained by the Church or Staatz, there is no retainer check from the Church or Staatz to Browne, and there is no retainer agreement between them (at ¶¶353-360); there is no letter from Staatz or the Church firing Browne as their attorney (at ¶¶371-374); Browne was Noble's attorney (at ¶376); and Browne misled the Church and Staatz into believing she was acting on their behalf (at ¶¶377-378).

**D.**     **The Two Claims for Relief in the Amended Third-Party Complaint against Browne**

Only the eighth and ninth causes of action in the Amended Third-Party Complaint are against Browne. The first seven causes of action are against Ledwin, Oviedo and/or Ramirez (at ¶¶389-812).

---

[1] Paragraphs 30 through 322 of the Amended Third-Party Complaint repeats many of the allegations contained in paragraphs 1 through 29 (some of which are repeated multiple times), and makes numerous allegations about the July 2014 contract, the July 2015 contract, and the conduct of Noble, Oviedo and Ramirez. The allegations in paragraphs 30 through 322 do not refer virtually at all to Browne.

4

The eighth claim for relief is against Browne only and is entitled "Deceit and Deception Per the Disciplinary Code & Breach of Implied Contract of Good Faith" (at ¶¶813-1017). This claim for relief generally alleges that Brown was the attorney for the Church and for Noble in connection with the May 2017 contract, that Browne violated the Rules of Professional Conduct by not disclosing the dual representation and other matters concerning the July 2014 and July 2015 contracts, that "the contract of representation" between Browne and the Church contained an implied covenant of good faith and fair dealing which Browne breached, that Browne owed duties to the Church and Staatz to submit papers to the Office of the Attorney General to complete the sale of the Property, that the Church never terminated Browne as its attorney, that Browne made statements about Noble that convinced the Church to enter into the May 2017 contract, and that Browne breached duties (id.).  The eighth claim for relief alleges that, in the event the Church is obligated to go through with the sale of the Property to Noble as sought in the main action, then Browne is obligated to the Church for the difference between the fair market value of the Property and the contract price of $500,000, or between $600,000 and $2.5 million (at ¶¶1014-1017).[2]

The ninth claim for relief is against Browne, Oviedo and Ramirez and is entitled "Conspiracy to Commit Fraud" (at ¶¶1018-1071). This claim for relief generally alleges that Browne and the others conspired to conceal information from the Church and Staatz concerning the July 2014 and July 2015 contract deposits and their dual representations, and that their concerted and agreed upon fraudulent conduct deprived the Church and Staatz from receiving the fair market value of the Property (id.).  The ninth claim for relief also alleges that, in the event the Church obligated to go through with the sale to Noble as sought in the main action, then Browne

---

[2] Although there is no claim for declaratory relief, the Amended Third-Party Complaint's ad damnum clause seeks a declaration that the July 2014, the July 2015 and the May 2017 contracts are null and void.

5

is obligated to the Church for the difference between the fair market value of the Property and the contract price of $500,000, or between $600,000 and $2.5 million (at ¶¶1068-1071).

E.   **The Documents Annexed to the Amended Third-Party Complaint**

The Amended Third-Party Complaint has annexed as Exhibit H the transcript of Oviedo's August 16, 2019 deposition prior to the commencement of the Third-Party Action. Oviedo testified that: he is the president of, and the real estate broker at, Ledwin (at p. 5, lines 2-5); Noble was not a Ledwin employee and is self-employed (at p. 5, lines 6-9); Noble advanced a $1,000 retainer for Browne to represent the Church in connection with the May 2017 contract as a loan because Browne would not proceed with the sale until she was paid (at p. 22, lines 6-11); and Staatz told Oviedo she wanted to receive the proceeds from the sale of the Property but that Browne advised her that the proceeds belonged to the Church and should go to another entity upon the sale (at p. 27, lines 21-25; at p. 28, lines 2-13).

The Amended Third-Party Complaint has annexed as Exhibit I the transcript of Noble's August 16, 2019 deposition prior to the commencement of the Third-Party Action.  Noble testified that: she is a real estate agent (p. 5, lines 6-8); she learned through Ledwin that the Property was for sale (at p. 5, lines 20-22); Oviedo was the broker for the Church (at p. 6, lines 2-4); Browne was not retained to represent her in connection with the May 2017 contract (at p. 36, lines 2-7); and Browne told her she had been discharged as the attorney for the Church when Noble tried to schedule a date for the closing of the sale of the Property (p. 38, lines 2-7).

F.   **The October 2, 2017 Termination Letter from the Church/Staatz to Browne**

Although the Amended Third-Party Complaint expressly alleges that the Church did not terminate Browne as its attorney, by letter dated October 2, 2019 from Staatz - as the Director of

the Church – to Browne, the Church discharged Browne as its attorney in connection with the sale of the Property to Noble.  See Francoeur Aff. at Exhibit B.

**Argument**

**I.**

**THE AMENDED THIRD-PARTY COMPLAINT FAILS TO STATE
CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST BROWNE**

**A.**    **The Standard of Review**

In determining whether a pleading states claims upon which relief can be granted upon a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court considers whether the pleading contains factual allegations, either direct or inferential, with respect to "all the material elements necessary to sustain a recovery under some viable legal theory." *Kessenich v. Raynor*, 120 F. Supp. 2d 242, 255 (E.D.N.Y. 2000).  In so doing, the Court accepts all well-pleaded factual allegations as true, but does not accept as true those allegations that are merely "bare assertions," "legal conclusions," or "formulaic recitation[s] of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

In order to survive a motion to dismiss under Rule 12(b)(6), the pleading must contain factual allegations that "state a claim to relief that is plausible on its face" and not merely allegations showing only "a sheer possibility that a defendant has acted unlawfully."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570-578 (2007).  In deciding a motion to dismiss under Rule 12(b)(6), the Court should draw all reasonable inferences in the pleader's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

The plausibility standard is guided by two principles. *Ashcroft*, 556 U.S. 662 at 678 (citing Bell Atl. Corp., supra).  First, the Court does not accept as true allegations which are merely legal

7

conclusions, and "threadbare recitals of the elements of a cause of action supported by conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.  The proponent of a cause of action must provide facts sufficient to allow for a fair understanding of the actions complained of and the legal basis for recovery. *See Bell Atl. Corp.*, 550 U.S. at 555. Second, the pleading of facts that are "merely consistent with … liability … stops short of the line between possibility and plausibility of entitlement to relief" and are insufficient to state claims upon which relief can be granted. *Id*. at 678-679 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations and quotations omitted); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). The determination of whether a pleading plausibly states a claim for relief is "a context specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

In determining a motion to dismiss under Rule 12(b)(6), the Court may consider the documents attached to the pleading as exhibits and documents incorporated by reference. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see also Anderson v. Greene*, 2016 U.S. Dist. LEXIS 105671 (S.D.N.Y. 2016).  The Court may also consider documents on a motion to dismiss under Rule 12(b)(6) where the pleading "relies heavily upon [their] terms and effect" rendering the documents "integral" to the pleading. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted).

**B.**     **The Amended Third-Party Complaint Fails to
State Claims for Relief Because the Church Replaced
<u>Browne with New Counsel who Could Have Completed the Sale</u>**

The 106 page, 1,071 paragraph Amended Third-Party Complaint contains numerous contradictory, disjointed, confusing, conclusory, improbable, formulaic, and otherwise unreasonable allegations against Browne.   Nevertheless, the Amended Third-Party Complaint alleges that Browne first became involved in the sale of the Property at the time the Church and

8

Staatz executed the May 2017 contract.  While the Amended Third-Party Complaint alternatively alleges in sum that Browne did - and did not - represent the Church or Staatz in connection with the May 2017 contract, and/or represented Noble with respect to that contract, it also alleges that the Church and Staatz never terminated Browne's services and Browne thereby owed them a duty to complete the sale.

These allegations fail to state claims for relief against Browne because there can be no good faith dispute that the Church discharged Browne in October 2017 and retained new counsel. *See* Francoeur Aff. at Exhibit B.  There also can be no good faith dispute that the Church's rights to complete the sale of the Property could have been protected by its new counsel, as Noble was willing to complete the sale of the Property after Browne was discharged and is now seeking specific performance to complete the sale under the May 2017 contract.

Under these circumstances, and in the absence of any factual allegations in the Amended Third-Party Complaint which suggest that the Church's new counsel could not complete the sale, Browne cannot bear liability. *See generally Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP*, 2013 U.S. Dist. LEXIS 93762 (S.D.N.Y. 2013)(engagement of new counsel severs the chain of causation between the allegedly wrongful conduct of an attorney and a client's injuries where new counsel has "sufficient opportunity to protect the [client's] rights"); *see also Jackson v. Reed Smith LLP*, 2019 Bankr. LEXIS 659 (2019 D. Ct.)(applying New York law).  The Church's rights could have been protected – and still can be protected - by its new counsel because the Church's new counsel could have - and still can - finalize the sale.

For these reasons, the Amended Third-Party Complaint fails to state claims plausible on their face against Browne and should be dismissed.

9

**C.      The Amended Third-Party Complaint Otherwise Fails
<u>To State Claims for Relief that are Plausible on Their Face</u>**

Separate and apart from the foregoing, the Amended Third-Party Complaint otherwise fails to state claims plausible on their face.  Specifically, the Amended Third-Party Complaint acknowledges that Browne was not involved in the July 2014 contract under which the Church agreed to sell the Property for $600,000, that Browne was not involved in the July 2015 contract under which the Church agreed to sell the Property for $500,000, and that Browne was not involved in the $15,000 down payment under those contracts.  Nevertheless, the Amended Third-Party Complaint alleges that Browne breached duties to the Church and Staatz with respect to the July 2014 and July 2015 contracts, and with respect to the down payments thereunder.  Similarly, the Amended Third-Party Complaint acknowledges that the Church agreed to sell the Property for $500,000 in July 2015 before Browne became involved in the sale but at the same time alleges that Browne conspired with others to prevent the Church and Staatz from obtaining the fair market value for the Property under the May 2017 contract.

These blatantly implausible allegations of the Amended Third-Party Complaint and their failure to state claims upon which relief can be granted against Browne is underscored by the documents annexed thereto.  Those documents show that Brown represented the Church in connection with the May 2017 contract only and not in connection with the July 2014 and July 2015 contracts, that Noble advanced the retainer for the Church to engage Browne in May 2017 because it lacked sufficient funds to engage counsel, and that the Church previously agreed to sell the Property for $500,000 under the July 2015 before it was represented by Browne.

Under these circumstances, the Amended Third-Party Complaint's conclusory allegations of deceit, violation of the Code of Professional Responsibility, conflict of interest, breach of duty, conspiracy to defraud and the like fail to state claims upon which relief can be granted against

10

Browne and/or are not plausible on their face.   These allegations, together with the Exhibits annexed thereto and annexed to the Francoeur Aff., belie any claim that Browne is somehow responsible for the Church's and/or Staatz's agreement to sell the Property to Noble for less than its fair market value, that Browne failed to disclose information about the July 2014 and July 2015 contracts, that Browne had conflicts of interest in the May 2017 contract, or that Browne somehow bears liability to the Church and Staatz in connection with the sale of – or the failure to sell – the Property under the May 2017 contract.

For these additional reasons, the Amended Third-Party Complaint fails to state claims upon which relief can be granted and should be dismissed in its entirety against Browne.

**D.**   **The Eighth Cause of Action Fails to**
**State a Claim for Deceit or Deception**

Separate and apart from the foregoing, the Amended Third-Party Complaint's eighth cause of action - entitled "Deceit and Deception Per the Disciplinary Code & Breach of Implied Contract of Good Faith" - fails to allege fraud with the requisite particularity required under Rule 9(b). Specifically, Rule 9(b) of the Federal Rules of Civil Procedure creates a heightened pleading standard for claims of fraud and requires that a pleading "state with particularity the circumstances constituting fraud." Under Rule 9(b), a pleading must allege specifically the fraudulent statements or omissions, and explain why such statements or omissions were fraudulent. *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454 (S.D.N.Y. 2016). The elements of a fraud claim under New York law are a material, false representation or omission, an intent to defraud, and reasonable reliance on the representation or omission causing recoverable damages. *Id*.

In order to plead fraudulent intent, there must be factual allegations demonstrating the motive and opportunity to commit or assist in the fraud, or demonstrating strong circumstantial evidence of conscious misbehavior or recklessness. *Matsumura v. Benihana Nat'l Corp.*, 542 F.

11

Supp. 2d 245, 255 (S.D.N.Y. 2008).  In order to plead reasonable reliance, the Court considers the factual allegations along with the context of the transaction at issue, including factors such as the transaction's complexity and magnitude, the sophistication of the parties, and the content of any agreements between them. *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003).

In order to plead damages on a claim for fraud, there must be factual allegations indicating that the information concealed was the reason the transaction turned out to be "a losing one" (*Dexia SA/NV v. Bear, Stearns & Co., Inc.*, 929 F. Supp. 2d 231, 243 (S.D.N.Y. 2013)) and "something beyond the mere possibility of loss causation must be alleged ...." *Twombly*, 550 U.S. at 557-58. Under New York law, the "'out-of-pocket rule" limits the damages for fraud to actual pecuniary loss and bars recovery of the alleged profits which would have been realized in the absence of fraud. *Highland Capital Mgmt., L.P. v. Schneider*, 533 F. Supp. 2d 345, 357 (S.D.N.Y. 2008) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996)).

Here, the Amended Third-Party Complaint alleges only that Browne did not disclose purported conflicts of interest in connection with the May 2017 contract and did not disclose the circumstances of the down payment paid to, and held by, Ramirez under the July 2014 and July 2015 contracts. There are no allegations that Browne made any misrepresentations of material fact to the Church or Staatz.

Even assuming as true the allegations that Browne did not disclose information, however, the Amended Third-Party Complaint does not contain the requisite factual allegations as to the other elements of a claim for fraud.  Specifically, the Amended Third-Party Complaint contains no allegations as to Browne's fraudulent intent or from which Browne's intent can be inferred, and

12

there are no factual allegations a wrongful motive or conscious misbehavior by Browne.[3] Similarly, the Amended Third-Party Contains no allegations as to any reliance by the Church or Staatz on Browne's purported omissions, and there are no factual allegations which, in the context of the May 2017 contract for the purchase of the Property, the Church or Staatz relied to their detriment on anything not said by Browne.[4]

Most significantly, the Amended Third-Party Complaint does not allege any facts showing that the Church and/or Staatz suffered pecuniary or out-of-pocket damages as a result of Browne's purported fraud. Much to the contrary, the Amended Third-Party Complaint alleges only that the Church and Staatz have suffered damages equal to the price Noble agreed to pay for the Property under the May 2017 contract and the Property's fair market value. As such, the Amended Third-Party Complaint alleges only the purported loss of profits on the sale of the Property which are not recoverable on a claim for fraud. *See, e.g., Highland*, 533 F. Supp. 2d at 357.

For these additional reasons, the Amended Third-Party Complaint's eighth cause of action fails to state a claim upon which relief can be granted and should be dismissed.

**E.      The Eighth Cause of Action Fails to State a Claim "Per the Disciplinary Code"**

Separate and apart from the foregoing, the Amended Third-Party Complaint's eighth cause of action fails to state a claim "per the "Disciplinary Code" and should be dismissed. Specifically, New York law holds that alleged violations of the Rules of Professional Conduct do not give rise to a private right of action. *See  Anderson, supra; Jiau v. Hendon*, 2014 U.S. Dist. LEXIS 18471

---

[3] A word scan of the Amended Third-Party Complaint reveals no allegations using the words intent, motive or the like with respect to Browne's purported omissions.

[4] A word scan of the Amended Third-Party Complaint reveals no allegations using the words relied, reliance or the like with respect to Browne's purported omissions.

13

(S.D.N.Y. 2014); *see also Arkin Kaplan LLP v. Jones*, 42 A.D.3d 362, 840 N.Y.S.2d 48, 51 (1st Dep't 2007) ("even if a violation of the Code of Professional Responsibility had occurred, that, in itself, would not create a private right of action").

As a result, the Amended Third-Party Complaint's allegations that Browne violated the Rules of Professional Conduct are insufficient to state a claim upon which relief can be granted as such allegations do not give rise to a private right of action by the Church or Staatz against Browne. For these additional reasons, the Amended Third-Party Complaint's eighth cause of action fails to state a claim upon which relief can be granted and should be dismissed.

**F.      The Eighth Cause of Action Fails to State a
        Claim for "Breach of Implied Contract of Good Faith"**

Separate and apart from the foregoing, the Amended Third-Party Complaint's eighth cause of action fails to state a claim for "breach of implied contract of good faith" and should be dismissed.[5]

New York law holds that *every* contract contains an implied covenant of good faith and fair dealing, pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *M/A-Com Security Corp. v. Galesi,* 904 F.2d 134, 136 (2d Cir. 1990*); see also JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, 2009 U.S. Dist. LEXIS 9207 (S.D.N.Y. 2009).  In order to state a claim for relief for breach of the implied covenant of good faith and fair dealing, a pleading must allege that a party's acts subsequent to performance on the contract so directly destroyed the value of the contract for the other party that the acts may be presumed to be contrary to the intention of the

---

[5] Although the eighth cause of action is entitled, in part, "breach of implied contract of good faith," the allegations therein suggest it purports to be one for breach of the implied covenant of good faith and fair dealing.

14

parties. *Id*.  A claim for breach of the implied covenant of good faith and fair dealing may be brought, if at all, only where one party's conduct, though not breaching the terms of the contract in a technical sense, nonetheless deprived the other party of the benefit of its bargain. *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175, 180-81 (S.D.N.Y. 2007) (citations omitted).

The allegations of the Amended Third-Party Complaint are insufficient to state a claim for relief for the breach of an implied covenant of good faith and faith dealing for at least two reasons. First, the Amended Third-Party Complaint confusingly, but expressly, alleges there was no retainer or other agreement between Browne and the Church.  As a result, there are no factual allegations of an underlying contract - including the terms of same - or any other factual predicate to support a claim for breach of the implied covenant of good faith and fair dealing.   Second, even if there was a contract between Browne and the Church under which Browne was to provide the legal services for the May 2017 sale of the Property, the conclusory allegation that Browne somehow breached the implied covenant of good faith and fair dealing thereunder is grossly insufficient to state a claim for relief.  The Amended Third-Party Complaint does not - and cannot - factually allege that Browne somehow deprived the Church of the benefit of that bargain,  as Noble is ready to complete the sale of the Property but has been compelled to commence the main action for specific performance because the Church refuses to do so.

For these additional reasons, the Amended Third-Party Complaint's eighth cause of action fails to state a claim upon which relief can be granted and should be dismissed.

**G.**     **The Ninth Cause of Action Fails to**
           **State a Claim for Conspiracy to Defraud**

Separate and apart from the foregoing, the Amended Third-Party Complaint's ninth cause of action fails to state a claim for conspiracy to defraud and should be dismissed.

15

New York does not recognize civil conspiracy as an independent cause of action. *Reich v. Lopez*, 38 F. Supp. 3d 436, 460 (S.D.N.Y 2014). A claim for civil conspiracy must be tethered to a separate claim for the underlying tort. *Sedona Corp. v. Ladenburg Thalmann & Co.*, 2005 U.S. Dist. LEXIS 16382 (S.D.N.Y. 2005).  To state a claim for conspiracy to commit fraud under New York law, there must be factual allegations showing an agreement between the parties, an overt act in furtherance of the agreement, the parties' intentional participation in the furtherance of the fraud, and resulting damages. *Barkley v. United Homes, LLC*, 2012 U.S. Dist. LEXIS 85793 (E.D.N.Y. 2012) (citing *Meisel v. Grunberg*, 651 F. Supp. 2d 98, 119 (S.D.N.Y. 2009)). Allegations of a civil conspiracy to commit fraud, standing alone, fail to state a claim for relief if the underlying independent fraud has not been adequately pleaded. *Hanspal v. Epstein*, 2019 U.S. Dist. LEXIS 161123 (E.D.N.Y. 2019).

Here, applying these well-settled principles of law, the Amended Third-Party Complaint fails to state a claim for conspiracy to defraud for several reasons.  First, New York does not recognize civil conspiracy as an independent claim for relief.  Second and as set forth above, the Amended Third-Party Complaint fails to state a claim for deceit or deception against Browne.  And third, the Amended Third-Party Complaint is completely devoid of any allegations - factual or otherwise – as to an agreement between Browne and the others to defraud the Church or Staatz, and instead merely alleges that they "all conspired" to conceal information, to violate their duties, and the like.  See Exhibit A at ¶1033-1035, 1045-1056.

For these additional reasons, the Amended Third-Party Complaint's ninth cause of action fails to state a claim upon which relief can be granted and should be dismissed.

## **CONCLUSION**

It is respectfully submitted that Browne's motion should be granted in its entirety, the Amended Third-Party Complaint should be dismissed against Browne, and the Court should award such other and further relief as it deems just and proper.

Dated:   New York, New York
         August 21, 2020

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Joseph L. Francoeur*
Joseph L. Francoeur
Maxx M. Johnson
*Attorneys for Third-Party Defendant*
*Laura C. Browne, Esq.*
150 East 42nd Street
New York, NY 10017
Tel: 212-915-5638
Our File No. 19715.00005
joseph.francoeur@wilsonelser.com

17