# DAVID J. BRODERICK LLC

70-20 AUSTIN STREET, SUITE 111, FOREST HILLS, NEW YORK 11375

PHONE: 718-830-0700                                      FAX:718-228-4271

EMAIL: BRODERICKLEGAL@GMAIL.COM

September 22, 2020

VIA ECF

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:   *Maria Theresa Noble v. Mt. Olivet Church Inc., et. al. v. Browne, et al.*
>        Case No.: 1:18-cv-07871

Dear Judge Buchwald,

As you may recall, my firm represents the defendants / third party plaintiffs Mt. Olivet Church, Inc. and Ms. Staatz (collectively, "The Church") in the above referenced matter.  I write this letter pursuant to Section 2(E)(1) of Your Honor's Individual Rules to outline the substantive argument in opposition to Browne's motion to dismiss.

First, it is important to note that the Church is NOT suing Browne for (a) malpractice, (b) negligence, (c) violation of the disciplinary code, and (d) failure to complete the OAG paperwork.  Moreover, and contrary to Browne's representation, the Church wants out of the contract of sale authored by Browne at the behest of her undisclosed employer/client Noble as it was and still is well below market value [a fact Browne actively misrepresented to the Church, also Browne's client (¶896, 899,900, 902 – ATPC)].

Second, the facts of the ATPC exceed the plausible theory requirement against Browne as the Second Circuit has recognized same, see *Milbank, Tweed, Hadley & McCloy v. Boon,* 13 F.3d 537 (2d Cir. 1994), *Estate of Re v. Kornstein, Veisz & Wexler,* 958 F. Supp. 907 (S.D.N.Y.1997) and *Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP* (S.D. N.Y. 2013)

Third, it is the Church's position that the Amended Third-Party Complaint sufficiently pleads a case against Browne for (1) a Breach of the Implied Covenant of Good Faith, (2) Breach

of Fiduciary Duty, (3) Fraud, and (4) Conspiracy to Commit Fraud. The 1,071 paragraphs of the ATPC are supported by documents and testimony detailing Browne's active participation in assisting her client Noble (the purchaser) to acquire the subject property from her other client, the Church (the seller), at below market value. Browne acted as the attorney for both the purchaser and seller without disclosing her conflict to the Church. Moreover, Browne had as her co-counsel Jaime Ramirez who was also Noble's attorney and neither Browne nor Ramirez disclosed that conflict to the Church. This is important because Ramirez allegedly received the $15,000.00 contract deposit in 2014 and never deposited same. In 2015, Ramirez would have the Church sign a contract of sale for $500,000.00 which was $100,000.00 less than the 2014 contract. The 2015 contract again referenced the alleged $15,000.00 contract deposit given by Noble. For yet some unknown reason, a third contract was entered into in 2017 wherein Browne and Ramirez would represent the Church. However, one week prior to the signing of the 2017 contract, Noble the purchaser would secretly retain Browne to represent her and then convince the Church to use Browne as its attorney. Neither Browne nor Noble informed the Church of Browne's conflict which is important as the Church had reservations about the third contract.

On May 16, 2017 prior to signing the third contract, the Church raised concerns with Browne regarding Noble's conduct. Browne assuaged the Church's anxiety by vouching for Noble (¶991– ATPC), assuring the Church that she had their best interests at heart (¶891, 892– ATPC), and affirmatively misrepresenting to the Church that she was holding the $15,000.00 contract deposit (¶898 – ATPC), a fact ironically borne out by Browne's exhibit "B". Browne also affirmatively misrepresented that the sale price of $500,000.00 was at market value (¶896, 899,900, 902 – ATPC).

The record establishes that Browne not only concealed her dual representation from the Church but actively chose Noble's interests over The Church's. Browne's failure to disclose her dual representation were not the only facts she concealed from the Church whom she owed a duty of good faith and fair dealing. Browne also failed to disclose and actively concealed from

the Church that (1) Noble's $15,000.00 check was never deposited, (2) Ramirez had a conflict of interest, (3) Noble breached the 2014 contract, (4) Noble breached the 2015 contract, (5) that Noble had a duty to disclose the self-dealing nature of the transaction, (6) that Noble and Oviedo had not signed the required RPAPL disclosures, and (7) that the property was being sold below market value.

The Second Circuit also recognized the viability of the Church's claims against Browne in *Milbank, Tweed, Hadley & McCloy v. Boon,* 13 F.3d 537 (2d Cir. 1994). In *Milbank,* the Second Circuit held that an effective deterrence of breaches of fiduciary duty requires "a prophylactic rule intended to remove all incentive to breach — **not simply to compensate for damages in the event of a breach**". When a law firm has allegedly breached a fiduciary duty, therefore, the p**laintiff "does not have to show strict 'but for' causation or proximate cause."** Rather, the plaintiff claiming a breach of fiduciary duty has to show only that the defendant law firm's breach was at least a "substantial factor" in causing harm. The defendant law firm "cannot enjoy impunity by showing that [the plaintiff's] losses might have resulted from other possible causes."

In *Estate of Re v. Kornstein, Veisz & Wexler,* 958 F. Supp. 907 (S.D.N.Y.1997), Judge Sonia Sotomayor **denied summary judgment on the breach of fiduciary duty claim**, ruling that the evidence was strong enough for a reasonable jury to find that the alleged conflicts of interest were a "substantial factor" in the law firm's losing effort in the underlying matter.

As the Court will note, the Church has not only set forth viable claims against Browne but documented them with evidence.

Very Truly Yours,

/s David J Broderick

DAVID J. BRODERICK